URIE F. MANDLE et al., Doing Business as URIE F. MANDLE Co., Plaintiffs, *v.* WALTER AFIELD, Defendant.

City Court of the City of New York, Trial Term, New York County, December 5, 1949.

*Leon Singer* for plaintiffs.

*Arthur J. W. Hilly* for defendant.

SPECTOR, J.   Plaintiffs were engaged in the manufacture of costume jewelry.  Defendant was a salesman.  Plaintiffs gave defendant a sample line of same worth $1,500.  Defendant returned from the road on November 8, 1947, at 1:00 A. M.   He found that his garage in back of his house was occupied by a car belonging to his house guest and therefore left his car in the driveway.  Since it was raining very hard, he left his samples belonging both to these plaintiffs and other houses that he worked for, together with his personal clothing and belongings in the car, and locked the windows and doors of same.  When he came down in the morning he found that the car had been broken

into and all samples and clothing had been stolen. The plaintiffs set up three causes of action: (1) for breach of bailment, (2) breach of contract in that plaintiff claims defendant agreed to install a Babaco Alarm System in his car and (3) defendant negligently and carelessly cared for the property while in his control. I find that the breach of the bailment was excusable because the defendant exercised reasonable and prudent care under the circumstances. He lived in a small town in New Jersey and it is not unreasonable, under the circumstances of this case, for him to have left his car, locked up, during a downpour at one o'clock in the morning. I cannot hold that such conduct was negligent. I further find that there was no breach of contract to install an alarm system, because no provision for same was made in the contract of employment. There was a request by the employer to have such a system installed at the employer's expense. However, though the defendant tried to have same installed, the alarm company and he could not get together on a fixed time. It seems to me that if installing an alarm system in the car, was the essence of the contract of employment, the plaintiff should have insisted upon the installation before entrusting the samples to the defendant. Judgment for defendant. Ten days' stay and thirty days to make a case. Counsel will please call at the clerk's office for exhibits.